## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| WILLIAM TODRYK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:21-cv-842 |
| | ) | |
| RANDOLPH-BROOKS | ) | |
| FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, WILLIAM TODRYK ("Plaintiff"), through Plaintiff's attorney, Hair Shunnarah Trial Attorneys, LLC, alleges the following against Defendant, RANDOLPH-BROOKS FEDERAL CREDIT UNION ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1693m.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1693m, which states that "without regard to the amount in controversy, any action under this section may be brought in any Unites States district court."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5.  Plaintiff is a natural person residing in Austin, Texas.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1693a(6).

7.  Defendant is a financial institution as defined by 15 U.S.C. § 1693a(9), domiciled in Live Oak, Texas.

8.  Defendant is a business entity engaged in business in the State of Louisiana.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, subsidiaries, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant authorized electronic fund transfers, as that term is defined by 15 U.S.C. § 1693a(7), from Plaintiff's account without Plaintiff's authorization.

11. In or around October of 2020, Plaintiff's debit card was stolen.

12. Beginning on or about October 8, 2020, an unknown third party initiated transfers totaling approximately $10,500.00 (the "Transfers").

13. The Transfers were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12).

14. Shortly after the Transfers began, Plaintiff received a fraud alert from Defendant advising him of the Transfers as potential fraud on the account.

15. Plaintiff confirmed with Defendant that the transfers were fraudulent and instructed Defendant to freeze all activity on the account.

16. Plaintiff contacted Defendant at his home branch regarding the fraudulent transfers and was assured he would be reimbursed.

17. Defendant advised Plaintiff he needed to provide a written dispute of the charges with a police report and affidavit, which Plaintiff provided.

18. Plaintiff provided written and verbal notice to Defendant that his account contained errors in the form of unauthorized electronic fund transfers and set forth his account number, the errors, amounts of the errors, and the reasons he believed that an error had occurred.

19. Defendant failed to provisionally recredit Plaintiff's account or correct the errors within ten business days.

20. Defendant provided Plaintiff various contradictory verbal responses to his dispute, telling Plaintiff he would be reimbursed, that Defendant needed more information, that his dispute was denied, and even that Defendant had made errors handling the account.

21. Throughout this period, Defendant failed to freeze the account and the Transfers continued to occur.

22. Defendant failed to correct its errors in accordance with 15 U.S.C. § 1693f.

23. Defendant did not make a good-faith investigation of the errors.

24. Defendant did not have a reasonable basis for believing Plaintiff's account was not in error.

25. Defendant knowingly and willingly concluded that Plaintiff's account was not in error when such a conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

26. Due to Defendant's illegal actions, Plaintiff was left stranded away from home with his minor children, no funds, and severe medical issues.

27. Plaintiff suffered monetary and economic damages due to Defendant's illegal actions.

28. Plaintiff suffered severe mental and emotional distress due to Defendant's illegal actions.

## VIOLATIONS OF THE EFTA

29. The preceding paragraphs are incorporated as if fully stated herein.

30. Defendant is liable under 15 U.S.C. § 1693f for failing to properly resolve errors.

## JURY DEMAND

31. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against

Defendant, including the following relief:

1.  All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1693m(a)(1).

2.  Statutory damages of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A).

3.  Treble damages pursuant to 15 U.S.C. § 1693f(e).

4.  All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1693m(a)(3).

5.  Any other relief that this Court deems appropriate.

DATED:  September 22, 2021

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103 – Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff

and

/s/ Samuel J. Ford

Samuel Ford, Esq., T.A. #36081
Hair Shunnarah Trial Attorneys, LLC
3540 S. I-10 Service Rd. W, Suite 300
Metairie, LA 70001
ford@hairshunnarah.com
P. 504-323-5802
F. 504-613-6351
Attorney for Plaintiff
*Pro Hac Vice* application forthcoming